IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION |
| v. | ) ) | FILE NO. _____ |
| JUSTIN MAURICE MOORE, WILLIE THACKSTON, and THE ESTATE OF BRANDON THOMAS, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Travelers Property Casualty Company of America ("Travelers"), and, pursuant to Fed. Rule Civ. P. 57 and 28 U.S.C. § 2201, hereby files its complaint for declaratory judgment, respectfully showing to the Court as follows:

**Parties, Jurisdiction and Venue**

1.

Plaintiff, Travelers Property Casualty Company of America, is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and principal place of business in Hartford, Connecticut.

2.

Defendant Justin Maurice Moore is currently incarcerated at the Georgia Diagnostic and Classification State Prison, and may be served at Highway 36 West, Post Office Box 3877, Jackson, Georgia, 30233. Moore is subject to the jurisdiction and venue of this Court.

3.

Defendant Willie Thackston is a resident of Cobb County, Georgia, who may be served at 610 Log Cabin Court, Kennesaw, Georgia, 30144. Thackston is subject to the jurisdiction and venue of this Court.

4.

Defendant the Estate of Brandon Thomas (the "Thomas Estate") is a resident of Cherokee County, Georgia, which may be served in care of its attorney, Vincent R. Lauria, 6445 Powers Ferry Road, N.W., Suite 265, Atlanta, Georgia, 30339. The Thomas Estate is subject to the jurisdiction and venue of this Court.

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Travelers and defendants and citizens of different states, and (b) the

value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

6.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2), since it is brought it the judicial district in which defendants Thackston and the Thomas Estate reside and in which a substantial part of the events giving rise to this litigation occurred.

### Cause of Action

7.

On the evening of November 12, 2009, Willie Thackston and Brandon Thomas went to the home of Justin Moore to repossess Moore's personal vehicle, a Ford Mustang.

8.

As Thackston and Thomas loaded the Mustang on the back of a tow truck, Moore came out of his house holding a sawed-off shotgun.  Moore then fired several times.

9.

Thackston and Thomas drove off with the Mustang loaded on the back of

the tow truck.

10.

Moore gave chase, driving a company vehicle owned by his employer, GTECH Corporation ("GTECH").

11.

Moore caught up to the tow truck and shot at Thackston and Thomas. Both men were struck. Thackston was injured and Thomas was killed.

12.

Moore fled the scene, but was subsequently arrested. He was charged with a number of crimes, including murder.

13.

On December 6, 2010, a jury in Fulton County Superior Court found Moore guilty of felony murder and other charges. Moore is presently incarcerated.

14.

At the time of the incident, Moore was employed by GTECH as a field services technician. This is a non-exempt (hourly) position.

15.

Moore was assigned a company van, which he drove from job to job

throughout his work day.  Company policy allowed Moore to drive the vehicle from his home to his first job of the day, from job to job during the day, and back home following the last job of the day.  No personal use of the vehicle was allowed, other than getting to and from work.

16.

Moore was provided with GTECH's fleet policy.  A true and correct copy of the GTECH Corporation Fleet Policy is attached hereto as Exhibit A.

17.

Moore signed GTECH's Fleet Policy Acknowledgment Form on June 10, 2008.  A true and correct copy of the GTECH Fleet Policy Acknowledgment Form signed by Moore is attached hereto as Exhibit B.

18.

Paragraph 12 of the GTECH Corporation Fleet Policy addresses personal use of fleet vehicles.  It states that non-exempt employees, such as Moore, are provided a vehicle as a tool to do the job, and "are **not** permitted to use the vehicle for personal use."  The policy further states that, other than business use, non-exempt employees such as Moore are only allowed to use company vehicles to commute to and from the work place.

19.

When Moore signed the Fleet Policy Acknowledgment Form, he checked a box agreeing that personal use of a GTECH vehicle was not authorized.

20.

GTECH is the named insured under Policy No. TC2JCAP-101D6235, issued by Travelers, effective 10/01/09 to 10/01/10 ("the Travelers Policy"). The Travelers Policy includes commercial automobile coverage, as set forth in the Business Auto Coverage Form, Form No. CA TO 31 11 07. A true and correct copy of the Business Auto Coverage Form to the Travelers Policy is attached hereto as Exhibit C.

21.

Section 2 of the Travelers policy sets forth the applicable liability coverage. It provides, in pertinent part, as follows:

    A.    Coverage

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance of use of a covered "auto".

22.

The policy defines an "insured", in pertinent part, as "[a]nyone . . . while using with your permission a covered 'auto you own, hire or borrow . . . .'" Thus, for Moore to qualify as an "insured" he must have been using the van with GTECH's permission at the time of the incident.

23.

It appears that Moore was not using the van with GTECH's permission, since he was not permitted to use the van for personal reasons. Thus, Moore does not qualify as an "insured" under the policy. If Moore is not an "insured," the policy does not provide coverage to him for any claims arising out of the incident.

24.

For coverage to apply under the Travelers Policy, Thackston and Thomas' injuries must have been caused by an "accident." Thackston and Thomas' injuries were not caused by an "accident."

25.

The Travelers Policy also includes certain exclusions. As amended by the Georgia Changes endorsement, Form CA 01 09 10 04, the policy excludes

coverage for an "expected or intended" injury:

> This insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the "insured".
>
> However, this insurance does not apply for coverage up to the minimum limit specified by the Georgia Motor Vehicle Safety Responsibility Act.

26.

A true and correct copy of the Georgia Changes endorsement is attached hereto as Exhibit D.

27.

The applicable minimum limit specified by the Georgia Motor Vehicle Safety Responsibility Act is $25,000.

28.

Thackston and Thomas' injuries were expected or intended by Moore.

29

If Moore qualifies as an "insured" under the policy, then the Travelers policy provides no more than $25,000 in liability coverage to him.  However, there is no coverage if Moore does not qualify as an "insured" or if the injuries were not caused by an "accident."

30.

Thackston and the Thomas Estate have asserted claims against Moore arising out of the November 12, 2009, incident. Through their counsel, Thackston and the Thomas Estate contend that the Travelers policy provides coverage to Moore for the claims that they have asserted.

31.

The Travelers policy does not provide coverage to Moore for any claims arising out of the November 12, 2009, incident, including the claims asserted by Thackson and the Thomas Estate, because (1) Moore does not qualify as an "insured" under the policy, since he did not have permission to operate the GTECH vehicle; and (2) the injuries sustained by Thackston and Thomas were not caused by an "accident." If the policy does provide coverage, the limits are $25,000 since the injuries were "expected or intended" by Moore.

32.

Since Thackston and the Thomas Estate, through their counsel contend that the Travelers policy provides coverage to Moore for the incident, Travelers is uncertain of its duties under the policy in connection with the claims that have been asserted against Moore by Thackston and the Thomas Estate.

33.

The parties disagree with respect to Travelers' duties and obligations under the policy in connection with any claims arising out of the November 12, 2009, incident, including the claims asserted by Thackson and the Thomas Estate.

34.

Travelers seeks a declaration from this Court that the Travelers policy does not provide coverage to Moore for any claims arising out of the November 12, 2009, incident, including any claims that have been or may be asserted by Thackston and the Thomas Estate.

35.

An actual controversy has arisen and now exists between Travelers and defendants concerning whether the Travelers policy provides coverage to Moore for any claims arising out of the November 12, 2009, incident, including the claims asserted by Thackston and the Thomas Estate.

36.

By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations and liabilities, if any, which exist among the parties to this action under the Travelers

policy.

WHEREFORE, plaintiff Travelers Property Casualty Company of America prays as follows:

    (a)    That process and summons issue against defendants and that defendants be served as required by law;

    (b)    that the Court declare that plaintiff Travelers Property Casualty Company of America has no obligation under Policy No.TC2JCAP-101D6235 to provide coverage to Moore for any claims arising out of the November 12, 2009, incident, including any and all claims that have been or may be asserted by Thackston and the Thomas Estate;

    (c)    that plaintiff recover its costs in filing this action; and

    (d)    that plaintiff be awarded all other relief to which it is entitled.

This 25th day of January, 2011.

MAGILL ATKINSON DERMER LLP

/S/ David M. Atkinson

_____
David M. Atkinson
Georgia Bar No. 026460
S. Megan Klein
Georgia Bar No. 940573
Attorneys for Plaintiff
Travelers Property Casualty
Company of America

1175 Peachtree Street, N.E.
100 Colony Square, Suite 2000
Atlanta, Georgia  30361-6206
(404) 892-8884
datkinson@madllp.com
mklein@madllp.com