IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,  )<br>)<br>) | |
| Plaintiff,  ) | |
| ) | CIVIL ACTION |
| v.  ) | |
| ) | FILE NO. 1:11-CV-00236-AT |
| JUSTIN MAURICE MOORE, WILLIE THACKSTON, THE ESTATE OF BRANDON THOMAS, and BRANDY THOMAS, SURVIVING SPOUSE OF BRANDON THOMAS, DECEASED,  )<br>)<br>)<br>)<br>)<br>) | |
| ) | |
| Defendants.  ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Travelers Property Casualty Company of America ("Travelers") brought this declaratory judgment action to determine whether a policy of insurance issued by Travelers to GTECH Corporation ("GTECH") provides coverage to defendant Justin Maurice Moore ("Moore") for claims asserted by Willie

Thackston ("Thackston"), The Estate of Brandon Thomas (the "Thomas Estate"), and Brandy Thomas, surviving spouse of Brandon Thomas ("Thomas").

On November 12, 2009, Thackston and Thomas went to the home of Moore to repossess a Ford Mustang personally owned by Moore. As Thackston and Thomas drove away with the Mustang on the bed of a tow truck, Moore chased after them in a vehicle owned by his employer, GTECH. When Moore caught up to the tow truck, he opened fire on Thackston and Thomas striking both men and fatally wounding Thomas.

On December 6, 2010, a Fulton County Superior Court jury found Moore guilty of felony murder, aggravated assault with a deadly weapon, and other charges.

At the time of the incident, Moore was employed by GTECH as a field services technician and was issued a company van to drive from his home to his first job, from job to job, and back home following the last job of the day. No personal use of the vehicle was allowed. The GTECH Corporation Fleet Policy states that non-exempt employees, such as Moore, are provided a vehicle as a tool to do the job, and "are **not** permitted to use the vehicle for personal use." Furthermore, when Moore signed the Fleet Policy Acknowledgment Form, he

checked a box agreeing that personal use of a GTECH vehicle was "**Not Authorized.**"

GTECH is the named insured under Policy No. TC2JCAP-101D6235, issued by Travelers Property Casualty Company of America, with a policy period effective October 1, 2009 through October 1, 2010 (hereinafter referred to as the "Policy").

The Policy provides, in pertinent part, as follows:

A. Coverage

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance of use of a covered "auto".

The policy defines an "insured," in pertinent part, as "[a]nyone . . . while using with your permission a covered 'auto you own, hire or borrow….'" Since Moore was not permitted to use the van for personal reasons, it appears he was not using the van with GTECH's permission.

In addition, for coverage to apply under the Policy, Thackston and Thomas' injuries must have been caused by an "accident." Thackston and Thomas' injuries were not caused by an "accident."

The Policy is amended by the Georgia Changes endorsement, Form CA 01 09 10 04, which excludes coverage for an "expected or intended" injury:

> This insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the "insured".
>
> However, this insurance does not apply for coverage up to the minimum limit specified by the Georgia Motor Vehicle Safety Responsibility Act.

The injuries sustained by Thackston and Thomas' were expected or intended by Moore.

The applicable minimum limit specified by the Georgia Motor Vehicle Saftey Responsibility Act is $25,000.

The Travelers policy does not provide coverage to Moore for any claims arising out of the November 12, 2009, incident, including the claims asserted by Thackson, Brandy Thomas, and the Thomas Estate, because (1) Moore does not qualify as an "insured" under the policy, since he did not have permission to operate the GTECH vehicle; and (2) the injuries sustained by Thackston and Thomas' death were not caused by an "accident."

Travelers seeks a declaration from this Court that the Travelers policy does not provide coverage to Moore for any claims arising out of the November 12,

2009, incident, including any claims that have been or may be asserted by Thackston, Brandy Thomas, and the Thomas Estate.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Travelers will timely cite to relevant legal authority in its pleadings.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Travelers has not yet determined whether it will present expert testimony

at trial.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Not applicable.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business

may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

The relevant Business Auto Coverage Form and the George Changes endorsement are attached to Travelers' complaint for declaratory judgment.

(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

Not applicable.

                                               MAGILL ATKINSON DERMER LLP

                                               /s/ David M. Atkinson
                                               _____
                                               David M. Atkinson
                                               Georgia Bar No. 024460

                                               Attorney for Plaintiff

1175 Peachtree Street, N.E.
100 Colony Square, Suite 2000
Atlanta, Georgia 30361-6206
(404) 892-8884
datkinson@madllp.com

# EXHIBIT A

1. Justin Maurice Moore – ID No. 1000436446
   Georgia Diagnostic and Correctional
   State Prison
   Highway 30 West
   P.O. Box 3887
   Jackson, GA  30233

   Mr. Moore has knowledge of the events of the evening of November 12, 2009, and the GTECH Corporation Fleet Policy.

2. Willie Thackston
   c/o Michael D. Goodman
   6445 Powers Ferry Road, NW, Suite 265
   Atlanta, Georgia  30339
   (770) 952-0400

   Mr. Thackston has knowledge of the events of the evening of November 12, 2009.

3. A representative of GTECH Corporation.

   A representative of GTECH Corporation may have knowledge regarding the Fleet Policy.

## EXHIBIT C

## Plaintiff's List of Documents

1. Travelers Policy No. TC2JCAP-101D6235

2. GTECH Corporation Fleet Policy

3. GTECH Corporation Fleet Policy Acknowledgment Form signed by Moore

4. Transcripts and exhibits from the criminal case tried in the Superior Court of Fulton County, Criminal Action File No. 10SC87961.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2011, I electronically filed the foregoing Initial Disclosures using the CM/ECF system which will automatically send e-mail notification of said filing to the following attorney of record:

    Michael D. Goodman
    GOODMAN & GOODMAN, LLP
    6445 Powers Ferry Road, NW, Suite 265
    Atlanta, Georgia 30339

    Vincent R. Lauria, Esq.
    6445 Powers Ferry Road, NW, Suite 265
    Atlanta, Georgia 30339

    MAGILL ATKINSON DERMER LLP

    /s/ David M. Atkinson
    _____
    David M. Atkinson
    Georgia Bar No. 024460

    Attorney for Plaintiff

1175 Peachtree Street, N.E.
100 Colony Square, Suite 2000
Atlanta, Georgia 30361-6206
(404) 892-8884